**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JENNIFER ROBIN VANDERVEEN,

    Plaintiff,

    v.                                   Case No. 3:10cv124/RV/MD

SACRED HEART HEALTH
SYSTEMS, INC.,

    Defendant,
    _____/

## ORDER

    The plaintiff has filed this action against the defendant, her former employer, alleging three causes of action under the Family Medical Leave Act and the Florida Private Whistleblower Act. The defendant now moves to dismiss the complaint (on the grounds that it constitutes a "shotgun pleading" and/or fails to state a claim), or, in the alternative, for a more definite statement (doc. 8). The plaintiff opposes this motion.

    The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is "exceedingly low." Ancata v. Prison Health Services., Inc., 769 F.2d 700, 703 (11th Cir. 1985). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994). The Federal Rules do not require a plaintiff to set out in detail the facts upon which she bases her claim. Rule 8(a) only requires a "short and plain statement" showing that she is entitled to relief. Nevertheless, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (stating that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation'"). Thus, to survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, supra, --- U.S. ---, 129 S. Ct. at 1949 (quoting Twombly, supra, 550 U.S. at 570). The rule does not "impose a probability requirement at the pleading stage." Twombly, supra, 550 U.S. at 556. Rather, the proper test is whether the complaint "succeeds in 'identifying facts that are suggestive enough to render [the claim] plausible.'" See Watts v. Florida Int'l University, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting Twombly, supra, 550 U.S. at 556).

  Motions for a more definite statement are disfavored in the federal system under Rule 8's liberal notice pleading requirements. "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." Eye Care Int'l, Inc. v. Underhill, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." Id. (collecting cases). Thus, a motion for a more definite statement will be denied if the complaint gives adequate notice of the nature and basis of the claim as well as a general indication of the type of litigation involved, and contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

  Upon review of the complaint in this case, I find that the plaintiff has stated a claim to relief that is plausible on its face and, further, that the allegations in the complaint are not so ambiguous or vague that the defendant is unable to frame an

adequate response.[1] Moreover, many of the assertions by the defendant (e.g., its implicit suggestion that the plaintiff's back condition and/or her gastrointestinal problems might not qualify as a "serious medical condition" under the FMLA) are in the nature of summary judgment arguments after discovery and are not appropriate for disposition on a motion to dismiss.

Accordingly, the defendant's motion to dismiss or, in the alternative, for a more definite statement (doc. 8) must be, and is, DENIED.

DONE and ORDERED this 9th day of July, 2010.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge

---

[1] The complaint here (which involves a single plaintiff and a single defendant and consists of 3 causes of action set forth in 34 paragraphs) can be distinguished from the "shotgun pleading" at issue in certain of the cases cited by the defendant in its motion. See, e.g., Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293 (11th Cir. 2002) (complaint was held "quintessential shotgun pleading" where it involved multiple plaintiffs, multiple defendants, and contained 9 counts set out in 127 paragraphs).