**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**JENNIFER ROBIN VANDERVEEN,**
      **Plaintiff,**

**v.**                              **CASE NO.:  3:10cv124/RV/MD**

**SACRED HEART HEALTH**
**SYSTEM, INC.**
      **Defendant.**
_____

**PROTECTIVE ORDER**

Based upon the stipulation of the parties, and the files and proceedings herein,

IT IS HEREBY ORDERED as follows:

1.    This Order shall apply to and govern all documents, information and testimony produced, disclosed, filed or introduced in this action, including all disclosure statements, deposition testimony, depositions, exhibits, answers to interrogatories, responses to requests for admissions, affidavits, statements, transcripts or videotape recordings of depositions, briefs, pleadings, documents or other disclosure, and discovery materials produced in discovery, whether informally or in response to formal discovery or disclosure procedures or subpoenas.

2.    No person or entity shall use any documents or information produced in disclosure or discovery for any purpose other than for the litigation of this action, and appeals there from, nor shall any person or entity use or disclose

any documents or information produced in disclosure or discovery in any manner inconsistent with the terms of this Order.

3.      All documents exchanged by the parties in the course of this litigation, either through the discovery process or the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, are hereby designated as confidential to the extent that such documents contain: 1) proprietary information; 2) confidential business and/or financial information; 3) trade secrets; 4) information covered by the Federal Health Insurance Portability Accountability Act (HIPAA); and 5) information related to other unrelated matters concerning former, potential, pending, and active claims or litigation against Sacred Heart.

4.      All documents exchanged by the parties in the course of this litigation, either through the discovery process or the disclosure requirements of Rule 26, shall be redacted to remove any "individually identifiable health information" as defined by HIPAA.

5.      Information exchanged through the discovery process or the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure shall not be deemed to be determinative of what the Court or a trier of fact may subsequently determine to be confidential.  Nevertheless, unless and until the Court or trier of fact makes a final determination that the information so designated does not qualify for protection under any of the categories identified in Paragraph 3 above, the information shall be considered and treated as proprietary and/or confidential business and/or financial information and/or trade secrets and/or information covered by HIPAA.

6.      Documents may be disclosed to counsel of record for the parties in this action who are actively engaged in the conduct of this litigation, to the partners, associates, secretaries, paralegals, and employees of such an attorney to the extent reasonably necessary to render professional services in the proceeding; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents and personnel involved in this action.  Specifically, such documents may also be disclosed to:

a.      owners, officers, directors, in-house counsel, and/or managing agents or employees of Sacred Heart who shall be bound by the requirements of this Order;

b.      Jennifer Robin Vanderveen, including only her agents and assigns.

Before disclosing any Confidential Information to any person not listed in subparagraph (a) or (b), the party wishing to make such disclosure shall give at least ten (10) days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten (10) day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court denies such motion or good cause is shown.

7.      Any person whose deposition has been noticed by a party may be shown a copy of information designated as confidential provided, however, that the person being deposed must sign a Nondisclosure Agreement in the form attached as Exhibit A, of which signed Nondisclosure Agreement shall be provided to all other parties to the action prior to any disclosure of such information to such person. In addition, each such person shall be advised that he/she is not permitted to disclose the contents of the confidential information to anyone, and at the conclusion of the deposition, the deponent must return all copies of the confidential information.

8.      No person may utilize or disclose to any person or entity in public or in private, information and/or documents designated as confidential, except as set forth in this Order; but nothing contained in this Order shall affect the right of counsel to disclose to its client information and/or documents which it solely has designated as confidential.

9.      Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining an appropriate showing, that such additional protective order with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a more limited form of protection is appropriate.

10.     Nothing herein shall preclude any party from designating as confidential any documents or other materials, or any deposition testimony, disclosed, produced or taken in this action prior to the date of this order; and any previous objections made or designations attempted related to the confidentiality of any documents, information, or testimony in this action to date shall be considered an attempt by the party asserting such objection or designation to designate such documents, information, or testimony as confidential and subject to the terms of this Order.

11.     The inadvertent or unintended disclosure of confidential information and/or documents, regardless of whether the information and/or documents were designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a subsequent claim of confidentiality, either as to the specific information and/or documents disclosed, or as to any other information and/or documents; provided that the discovery of the inadvertent disclosure is made in a timely fashion following the disclosure and prompt written notice of the claim of confidentiality is given.

12.     A party shall not be obligated to challenge the propriety of a confidential information designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any point in these proceedings with any designation by the supplying party of any information and/or documents as

confidential, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  The person or entity asserting confidentiality shall have the burden of proving it.

13.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony (including videotape recordings of deposition testimony) filed in Court in this litigation which have been designated as confidential in this action, and no such document or transcript shall be available for inspection except as otherwise ordered by the Court.

14.    Within sixty (60) days after final termination of this action, unless otherwise agreed to in writing by any attorney of record for the designating party, each party shall assemble and return all materials exchanged in the course of discovery and pursuant to Rule 26 of the Federal Rules of Civil Procedure, including all copies thereof, to the person from whom the designated material was obtained and that person shall acknowledge receipt of such material in writing.  If any person or entity believes any other person or entity has not so returned all such materials designated as confidential, that person or entity shall give prompt written notice to that other person or entity of such belief, specifying therein the exact materials and information believed to be involved.  In the event such notice is given, the person or entity to whom it is directed shall have thirty (30) days after receipt of such notice to return the items specified and/or to explain in writing why such return has not been made.

ORDERED at Pensacola, Florida this 24th day of August, 2010.


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**NONDISCLOSURE AGREEMENT**

The undersigned, having read the STIPULATION OF CONFIDENTIALITY agreed upon by Sacred Heart and Vanderveen, and agreeing to be legally bound thereby, hereby agree as follows:

1.     All designated confidential information disclosed to the undersigned shall not be utilized by, disclosed to, or divulged to any person or entity except as provided in the Protective Order and in Paragraph 2 below, and shall not be used for any business or other purpose, or in connection with any other action involving any of the parties hereto or their related or affiliated corporation(s).

2.     Such designated confidential information shall be disclosed to and discussed only with attorneys of record or other consultants or experts who have qualified for disclosure pursuant to the STIPULATION OF CONFIDENTIALITY. Neither any documents, nor tangible items containing designated confidential information, including, but not limited to, any transcripts, nor information contained within or acquired, derived or extracted from such items, shall be utilized by him/her in any manner or divulged or made accessible to him/her in any manner to any other person or entity whatsoever, except in compliance with the STIPULATION OF CONFIDENTIALITY and this Nondisclosure Agreement.

3.     The undersigned agrees that upon the final determination of this litigation or the termination of any employment through which he/she obtained access to any designated confidential info, he/she shall return any and all documents, recordings, or tangible things involving any designated confidential documents or information which may be in his/her possession or control, including all abstracts, summaries, descriptions, lists, synopses that may be authorized under the terms of the STIPULATION OF CONFIDENTIALITY, and all other writings or means of recording reflecting or revealing such information to the attorney who has retained the undersigned.

DATED this _____ day of _____, 2010.


_____
Name:
Address: